RECEIPT # 42715
AMOUNT $ 150
SUMMONS ISSUED Yes
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. SCS
DATE 10/23/02

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SYED ABU HASNATH, Ph.D., )
Individually and as Administrator of the )
Estate of Rezuana Begum )
    Plaintiff, )
)
v. ) CIVIL ACTION NO.
)
BETH ISRAEL DEACONESS MEDICAL ) 02-12070 MEW
CENTER, INC., GREGORY PIAZZA, M.D.) 
and MICHELLE WAGNER, M.D. ) 02-12070 DPW
    Defendants. )

DOCKETED

**COMPLAINT**

**PARTIES AND JURISDICTION**

1. Plaintiff, Syed Abu Hasnath, resides in Brighton, Massachusetts. Syed Hasnath is the husband and duly appointed Administrator of the Estate of Rezuana Begum, who died on or about October 18, 2001. This action is brought to recover for the personal injuries to and for the wrongful death of Rezuana Begum.

2. This Court has original jurisdiction to hear the Complaint pursuant to 28 U.S.C. § 1331. The applicable statute is 42 U.S.C. §1395dd. A private right of action is granted to the plaintiff by 42 U.S.C. §1395 dd(d)(2)(A). Jurisdiction of the state law claims is founded upon the supplemental jurisdiction of the Court pursuant to 28 U.S.C. §1367. Venue of this action lies in the District of Massachusetts pursuant to 28 U.S.C. §1391(b).

3. Defendant, Beth Israel Deaconess Medical Center, Inc. (hereinafter "Beth Israel") is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with its usual place of business at 330 Brookline Avenue, Boston, Massachusetts. Beth Israel is a licensed hospital and a participating hospital within the meaning of 42 U.S.C. § 1395dd(e)(2). Defendant Beth Israel maintains an Emergency Center and is engaged in providing medical, surgical, anesthetic, hospital and nursing care, treatment and services to the public, including plaintiff's decedent, Rezuana Begum.

4. Defendant, Gregory Piazza, M.D. upon information and belief is an individual and physician licensed to practice his profession in the Commonwealth of Massachusetts and, at all times herein mentioned, held himself out to be a medical doctor and an emergency physician, skilled in the treatment of various illnesses and conditions, and in particular, represented that he was knowledgeable, competent and qualified to diagnose and treat plaintiff's decedent's condition.

5. Defendant, Michelle Wagner, M.D. upon information and belief is an individual and physician licensed to practice her profession in the Commonwealth of Massachusetts and, at all times herein mentioned, held herself out to be a medical doctor and an emergency physician, skilled in the treatment of various illnesses and conditions, and in particular, represented that she was knowledgeable, competent and qualified to diagnose and treat plaintiff's decedent's condition.

## FACTUAL ALLEGATIONS

6. On or about October 17, 2001, Rezuana Begum presented to the Beth Israel Emergency Department at 7:50 a.m.

7. Rezuana Begum presented with chest pain, at which time she was clutching her throat, screaming and was short of breath. She was evaluated and treated for chest pain in the emergency department by Dr. Michelle Wagner, the attending physician and Dr. Gregory Piazza, an emergency medicine resident.

8. Ms. Begum had two abnormal electrocardiograms and received Toradol for pain. No further cardiac work-up was ordered be either treating physician. Ms. Begum was discharged with instructions to take Ibuprofen three times per day for two weeks and to avoid strenuous weight bearing activity.

9. The emergency department staff treated Rezuana Begum differently from other patients presenting in a similar condition with similar symptoms. Regardless that Ms. Begum's symptoms were consistent with a heart attack and regardless that she had two abnormal electrocardiograms, she did not have enzyme studies ordered, a cardiology consultation was not obtained and she was not admitted to the hospital for further observation or stabilization.

10. That afternoon, she was brought back to the emergency department by ambulance and proceeded to have a cardiac arrest and die.

## COUNT AGAINST BETH ISRAEL

### COUNT ONE

### Violation of 42 U.S.C. 1395dd

11. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 10 of this Complaint as fully set forth herein.

12. Defendant, Beth Israel, had an obligation under 42 U.S.C. 1395dd, the Emergency Medical Treatment and Labor Act (EMTALA), to provide Rezuana Begum with an appropriate medical screening examination to diagnose her condition when she was brought to the emergency department on October 17, 2001 complaining of chest pain and shortness of breath and where there was medical evidence of a heart attack.

13. Defendant, Beth Israel, failed to stabilize Rezuana Begum, under 42 U.S.C. 1395dd, the Emergency Medical Treatment and Labor Act (EMTALA), when she was brought to the emergency department on October 17, 2001 complaining of chest pain, screaming and short of breath and where there was medical evidence of a heart attack, before discharging her from the hospital where she became worse, requiring return to the emergency department several hours later where she died. Had Ms. Begum been stabilized, she would not have died.

14. Defendant, Beth Israel violated the duty imposed by 42 U.S.C. 1395dd by not performing adequate evaluations, by not providing adequate treatment, and by not performing adequate and necessary diagnostic studies that were necessary in order to properly diagnose and treat Rezuana Begum and by treating Rezuana differently from similar patients.

15. Defendant, Beth Israel violated the duty imposed by 42 U.S.C. 1395dd by not stabilizing Ms. Begum's condition before discharging her from the hospital. Rezuana Begum suffered harm as a direct result of the hospital's failure to stabilize the emergency medical condition as defined by the statute.

WHEREFORE, the plaintiff, as he is administrator of the estate of Rezuana Begum, demands judgment and damages against defendant Beth Israel plus interest and the costs of this action.

### COUNTS AGAINST DEFENDANT GREGORY PIAZZA, M.D.

### COUNT TWO

### Conscious Pain and Suffering

16. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 15 of this Complaint as fully set forth herein.

17. As the direct and proximate result of the defendant Gregory Piazza, M.D.'s negligence, plaintiff's decedent, Rezuana Begum, experienced conscious pain and suffering and great mental anguish until her death.

WHEREFORE, the plaintiff, as he is administrator of the estate of Rezuana Begum, demands judgment and damages against defendant Gregory Piazza, M.D. plus interest and the costs of this action.

## COUNT THREE

### Wrongful Death

18. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 17 of this Complaint as fully set forth herein.

19. Defendant, Gregory Piazza, M.D. owed decedent, Rezuana Begum a duty to exercise that degree of diligence and skill required of the average emergency physician. The defendant breached that duty of care.

20. The death of Rezuana Begum was the direct and proximate result of the negligence and improper care and treatment rendered by the defendant, Gregory Piazza, M.D., including, but not limited to the following:

    a. Defendant's failure to adequately and properly diagnose decedent's medical condition and to offer timely treatment for said condition.

    b. Defendant's failure to order further testing despite decedent's continuing discomfort and continuing emergent condition.

    c. Defendant's failure to recommend decedent be admitted to Beth Israel for further evaluation and observation.

    d. Defendant's failure to recognize or have the knowledge to recognize his inability to diagnose and treat the decedent, when defendant knew or should have known in the exercise of due care, the foreseeable consequences of his inability to properly and skillfully provide the decedent with acceptable medical and diagnostic services.

    e. Defendant's failure to posses or exercise the same degree of skill, training and care as possessed by the average qualified emergency room physician, taking into account advances in the profession.

21. As a direct and proximate result of the Defendant's negligence, the Decedent, Rezuana Begum suffered an untimely death.

WHEREFORE, the plaintiff, as he is administrator of the estate of Rezuana Begum, demands judgment and damages against defendant Gregory Piazza, M.D. plus interest and the costs of this action.

## COUNT FOUR

### Gross Negligence and Punitive Damages

22. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21 of this Complaint as fully set forth herein.

23. The death of the decedent was the direct and proximate result of the gross negligence of defendant Gregory Piazza, M.D. as follows:

    a. Defendant's failure to adequately and properly diagnose decedent's medical condition and to offer timely treatment for said condition.

    b. Defendant's failure to order further testing despite decedent's continuing discomfort and continuing emergent condition.

    c. Defendant's failure to recommend decedent be admitted to Beth Israel for further evaluation and observation.

    d. Defendant's failure to recognize or have the knowledge to recognize his inability to diagnose and treat the decedent, when defendant knew or should have known in the exercise of due care, the foreseeable consequences of his inability to properly and skillfully provide the decedent with acceptable medical and diagnostic services.

24. Pursuant to Massachusetts General Laws ch. 229 § 2, the next of kin of Rezuana Begum are entitled to recover for punitive damages.

WHEREFORE, the plaintiff, as he is administrator of the estate of Rezuana Begum, demands judgment and damages against defendant Gregory Piazza, M.D. plus interest and the costs of this action.

## COUNT FIVE

### Negligent Infliction of Emotional Distress

25. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25 of this Complaint as fully set forth herein.

26. The plaintiff, Syed Hasnath was present with his wife, Rezuana Begum, and witnessed her agony and death. The plaintiff suffered severe emotional distress therefrom.

27. As the direct and proximate result of the negligence of the defendant, the plaintiff suffered severe emotional distress.

WHEREFORE, the plaintiff demands judgment and damages against defendant Gregory Piazza, M.D. plus interest and the costs of this action.

## COUNTS AGAINST MICHELLE WAGNER, M.D.

### COUNT SIX

### Conscious Pain and Suffering

28. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 27 of this Complaint as fully set forth herein.

29. As the direct and proximate result of the defendant Gregory Piazza, M.D.'s negligence, plaintiff's decedent, Rezuana Begum, experienced conscious pain and suffering and great mental anguish until her death.

WHEREFORE, the plaintiff, as he is administrator of the estate of Rezuana Begum, demands judgment and damages against defendant Gregory Piazza, M.D. plus interest and the costs of this action.

### COUNT SEVEN

### Wrongful Death

30. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29 of this Complaint as fully set forth herein.

31. Defendant, Gregory Piazza, M.D. owed decedent, Rezuana Begum a duty to exercise that degree of diligence and skill required of the average emergency physician. The defendant breached that duty of care.

32. The death of Rezuana Begum was the direct and proximate result of the negligence and improper care and treatment rendered by the defendant, Gregory Piazza, M.D., including, but not limited to the following:

    a. Defendant's failure to adequately and properly diagnose decedent's medical condition and to offer timely treatment for said condition.

    b. Defendant's failure to order further testing despite decedent's continuing discomfort and continuing emergent condition.

    c. Defendant's failure to recommend decedent be admitted to Beth Israel for further evaluation and observation.

    d. Defendant's failure to recognize or have the knowledge to recognize his inability to diagnose and treat the decedent, when defendant knew or should have known in

      the exercise of due care, the foreseeable consequences of his inability to properly and skillfully provide the decedent with acceptable medical and diagnostic services.

    e.   Defendant's failure to posses or exercise the same degree of skill, training and care as possessed by the average qualified emergency room physician, taking into account advances in the profession.

33. As a direct and proximate result of the Defendant's negligence, the Decedent, Rezuana Begum suffered an untimely death.

WHEREFORE, the plaintiff, as he is administrator of the estate of Rezuana Begum, demands judgment and damages against defendant Gregory Piazza, M.D. plus interest and the costs of this action.

## COUNT EIGHT

### Gross Negligence and Punitive Damages

34. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 33 of this Complaint as fully set forth herein.

35. The death of the decedent was the direct and proximate result of the gross negligence of defendant Gregory Piazza, M.D. as follows:

    a.   Defendant's failure to adequately and properly diagnose decedent's medical condition and to offer timely treatment for said condition.

    b.   Defendant's failure to order further testing despite decedent's continuing discomfort and continuing emergent condition.

    c.   Defendant's failure to recommend decedent be admitted to Beth Israel for further evaluation and observation.

    d.   Defendant's failure to recognize or have the knowledge to recognize his inability to diagnose and treat the decedent, when defendant knew or should have known in the exercise of due care, the foreseeable consequences of his inability to properly and skillfully provide the decedent with acceptable medical and diagnostic services.

36. Pursuant to Massachusetts General Laws ch. 229 § 2, the next of kin of Rezuana Begum are entitled to recover for punitive damages.

WHEREFORE, the plaintiff, as he is administrator of the estate of Rezuana Begum, demands judgment and damages against defendant Gregory Piazza, M.D. plus interest and the costs of this action.

## COUNT NINE

### Negligent Infliction of Emotional Distress

37. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 36 of this Complaint as fully set forth herein.

38. The plaintiff, Syed Hasnath was present with his wife, Rezuana Begum, and witnessed her agony and death. The plaintiff suffered severe emotional distress therefrom.

39. As the direct and proximate result of the negligence of the defendant, the plaintiff suffered severe emotional distress.

WHEREFORE, the plaintiff demands judgment and damages against defendant Gregory Piazza, M.D. plus interest and the costs of this action.

### DEMAND FOR JURY TRIAL

The Plaintiff, Syed Hasnath, hereby demands a trial by jury on all counts.

THE PLAINTIFF,
Syed Hasnath, individually and as Administrator of the Estate of Rezuana Begum,
By his attorneys,

_____
Barry D. Lang, Esq.
BBO # 565438
Barry D. Lang, M.D. & Associates
6 Beacon Street, Suite 505
Boston, MA 02108
(617) 720-0176

Dated: 10/21/02